**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **VICTOR GODOY and REGINALDA GONZALES** | ) | CA 06 485 |
| **vs.** | ) | **C.A. No.:** |
| **EQUIPMENT LABRIE LTEE and MACK TRUCKS, INC.** | ) | |

## COMPLAINT

## PARTIES AND JURISDICTION

1. Plaintiffs Victor Godoy ("Godoy") and Reginalda Gonzales ("Gonzales"), are residents of the City of Providence, State of Rhode Island. Godoy and Gonzales are collectively referred to herein as "Plaintiff's."

2. Defendant, Mack Trucks, Inc., at all time's material hereto, is a foreign corporation, organized and existing under the laws of the State of Pennsylvania and carries on substantial business activities within the State of Rhode Island. Said business activities establish sufficient minimum contacts under Rhode Island General Laws §9-5-33, as amended, and subjecting said Defendant to the jurisdiction of the courts of the State of Rhode Island.

3. Defendant Equipment Labrie Ltee ("Labrie"), at all times material hereto, is a foreign corporation, organized and existing under the laws of Canada and carries on substantial business activities within the State of Rhode Island. Said business activities establish sufficient minimum contacts under Rhode Island General Laws §9-5-33, as amended, and subjecting said defendant to the jurisdiction of the courts of the State of Rhode Island.

4. This is a products liability claim resulting in serious personal injuries to the Plaintiff Godoy. As such, the monetary amount claimed is in excess of Seventy Five thousand Dollars, exclusive of interest and costs.

5. Jurisdiction over the subject matter exists, pursuant to 29 U.S.C. §1332 as a result of diversity.

## FACTS

6. Defendants are in the business of designing, manufacturing, marketing and distributing side loading garbage trucks.

7. Upon information and belief, prior to July 2005, American Waste Systems, LLC, ("American") purchased a truck designed, distributed and manufactured by Defendants.

8. On or about July 19, 2005, Plaintiff, Godoy was an employee of American and he was assigned to a truck, commercial number, H69-325, which was manufactured and distributed by Defendants.

9. At all times material, Plaintiff, Godoy was under the exercise of due care and was unaware of the dangerous, unsafe and defective condition of the truck.

10. On July 19, 2005, Plaintiff, Godoy was severely injured and sustained a loss of his right leg.

**COUNT I**

**(STRICT LIABILITY)**

11. Plaintiffs incorporate paragraphs 1 through 10 of their Complaint as if fully set forth herein.

12. Plaintiff, Godoy's injuries occurred through Defendants' fault and neglect and carelessness and that of its agents in manufacturing, designing and selling a defective and dangerous truck.

13. It was reasonably foreseeable to the Defendants that its failure to properly design, manufacture and assemble the truck could result in damages and injuries as those sustained by Plaintiff, Godoy.

14. As a direct and proximate result of the Defendants' defective design, manufacture and assembly of said truck, Plaintiff, Godoy sustained severe painful and permanent injuries; was caused to spend and will in the future spend large amounts for medical and hospital and services and loss of earnings and a reduction in earning capacity.

15 As a direct and proximate result of the Defendants' defective design, manufacture and assembly, Plaintiff, Reginalda Gonzales has suffered a loss of society, love and companionship of her husband, Plaintiff, Godoy.

16. Defendants are strictly liable to the Plaintiffs for the damages sustained by the Plaintiff on July 19, 2005.

**COUNT II**

**(FAILURE TO WARN)**

17. Plaintiffs incorporate paragraphs 1 through 16 of their Complaint as if fully set forth herein.

18. Defendants failed to provide adequate warnings reasonably designed and intended to alert people like Plaintiff, Godoy of the potential dangers and consequences of when using said truck; failed to include permanent warnings, signs, posters and advertisements large and distinct enough to warn people like Plaintiff, Godoy of said dangers.

19. It was reasonably foreseeable to Defendants that their failure to provide said adequate warnings could result in damages and injuries as those sustained by Plaintiff, Godoy.

20. As a direct and proximate result of the Defendants' failure to provide adequate warnings, Plaintiff, Godoy sustained severe painful and permanent injuries; was caused to spend and will in the future spend, large amounts for medical and hospital services and loss of earnings and a reduction in earning capacity.

21. As direct and proximate result of Defendants' failure to provide adequate warnings, the Plaintiff, Reginalda Gonzales, has suffered a loss of society, love and companionship of her husband, the Plaintiff, Godoy.

22. Defendants are strictly liable to Plaintiffs for the damages sustained by Plaintiffs on July 19, 2005.

## <u>COUNT III</u>

## (BREACH OF WARRANTY)

23. Plaintiffs incorporate paragraphs 1 through 22 of their Complaint as if fully set forth herein.

24. At the time Defendants sold the truck, Defendants knew or should have known of the particular purpose for which the truck was required to be used and the manner in which it would be required to be used by Plaintiff, Godoy.

25. At the time of the sale of the truck by Defendants, Defendants knew or should have known that subsequent users and purchasers and ultimately Plaintiff, Godoy were relying on Defendants' skill and judgment in manufacturing a safe and suitable truck, and Plaintiff, Godoy was in fact relying on the skill, judgment and expertise of Defendants in manufacturing a safe and suitable truck to perform his duties.

26. The truck was, at the time of its sale, not fit for the particular purpose for which the truck was purchased and was to be used, nor was it fit for the manner in which it would be required to be used.

27. In the course of the use of the truck for normal purposes, Plaintiff, Godoy was caused to suffer severe and permanent personal injuries.

28. By reason of the trucks lack of fitness for the intended use, for which it was required to be used, Plaintiff, Godoy suffered severe painful and permanent injuries; was caused to spend and will in the future spend large amounts for medical and hospital services and loss of earnings and a reduction in earning capacity.

29. By reason of the trucks lack of fitness for normal use, for which it was to be used, the Plaintiff, Reginalda Gonzales, has suffered a loss of society, love and companionship of her husband the Plaintiff, Godoy.

30. Defendants are strictly liable to the Plaintiffs for the truck's lack of fitness for normal use or for which it was to be used.

## COUNT IV

## (NEGLIGENT DESIGN)

31. Plaintiffs incorporate paragraphs 1 through 30 of their Complaint as if fully set forth herein.

32. Defendants owed a duty to the Plaintiff, Godoy in designing the truck, to design the truck with reasonable care to eliminate avoidable dangers.

33. Defendants breached their duty of care and designed a truck that was unreasonably dangerous because reasonable safety devices which would have substantially reduced the danger of the truck were available and not included in the design of the truck.

34. As a direct and proximate cause of the Defendant's negligent design of the truck, Plaintiff, Godoy sustained severe and permanent injuries.

35. As a direct and proximate cause of the Defendant's negligent design of the truck, the Plaintiff, Reginalda Gonzales, has suffered a loss of society, love and companionship of her husband the Plaintiff, Godoy.

**WHEREFORE,** Plaintiffs, Victor Godoy and Reginalda Gonzales demand judgment against Defendant, Equipment Labrie Ltee and Defendant, Mack Truck, jointly and severly for compensatory damages plus interest and costs.

Plaintiff's demand jury trial and appoints Peter P.D. Leach as trial attorney.

Plaintiffs,
By and through their attorney,

Peter P.D. Leach (R.I. Bar#3955)
One Charles Street
Providence, RI 02904
(401) 521-9100 Tel
(401) 521-9120 Fax

Date: 11/6/2006