**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **VICTOR GODOY and** | ) | |
| **REGINALDA GONZALES** | ) | |
| | ) | |
| **vs.** | ) | **C.A. No.: 06-485ML** |
| | ) | |
| **EQUIPMENT LABRIE LTEE and** | ) | |
| **MACK TRUCKS, INC.** | ) | |

**PLAINTIFFS' PRETRIAL CONFERENCE STATEMENT**

Plaintiffs Victor Godoy and Reginalda Gonzales hereby submit their Pre-Trial Conference Statement in accordance with Local Rule 16.

**Statement of Facts**

This is a products liability claim resulting in serious personal injuries to the Plaintiff Victor Godoy sustained by him on July 19, 2005. Plaintiff, Reginalda Gonzales has suffered a loss of society, love and companionship of her husband, Plaintiff, Godoy.

Plaintiff Godoy was employed by American Waste Systems, LLC, as a trash collector. Prior to July 2005, American Waste Systems, LLC, ("American") purchased a truck designed, distributed and manufactured by Defendants Equipment Labrie Ltee and Mack Trucks, Inc. (collectively referred to herein as "Defendants"). Defendants are in the business of designing, manufacturing, marketing and distributing side loading garbage trucks.

On or about July 19, 2005, Plaintiff, Godoy was an employee of American and was assigned to a truck, commercial number, H69-325, which was manufactured and distributed by Defendants. At all times material, Plaintiff, Godoy was under the exercise of due care and was unaware of the dangerous, unsafe and defective condition of the truck. On July 19, 2005, Plaintiff, Godoy was severely injured and sustained a loss of his right leg as the result of Defendants' fault and neglect and carelessness and that of its agents in manufacturing, designing

and selling a defective and dangerous truck. Defendants also failed to provide adequate warnings reasonably designed and intended to alert people like Plaintiff, Godoy of the potential dangers and consequences of using said truck. It was reasonably foreseeable to the Defendants that its failure to properly design, manufacture and assemble the truck and failure to warn could result in damages and injuries as those sustained by Plaintiff, Godoy.

As a result of said accident, Plaintiff was transported by helicopter to University of Massachusetts Level I Trauma Center and underwent a laparoscopy, a splenectomy and a partial pancreatectomy for abdominal injuries. He subsequently underwent operations which ultimately resulted in an above the knee amputation of his right leg. As a direct and proximate result of the Defendants' defective design, manufacture and assembly of said truck, Plaintiff, Godoy sustained severe painful and permanent injuries; was caused to spend and will in the future spend large amounts for medical and hospital and services and loss of earnings and a reduction in earning capacity.

## Summary of Claims and Elements

Plaintiff have brought claims against the Defendants for strict products liability, failure to warn, breach of warranty and negligent design.

1. Strict Products Liability - Design Defect

Defendants are strictly liable for injuries caused by the defective design of the trash collection truck at issue in this case. The truck designed, manufactured and distributed by the Defendants was defectively designed because, among other things, it was defectively designed for use by one operator, it had an inadequate and defective braking system and did not have an adequate system to prevent the truck from moving during frequent stops thereby rendering the truck unsafe for its intended use. *Ritter v. Narragansett Electric Company*, 109 R.I. 176, 190,

283 A. 2d 255, 262 (1971). In addition, the Defendants are liable because they failed to produce a reasonable alternative design that may have reduced or avoided the foreseeable risk of harm suffered by Plaintiff. *Buonanno v. Colmar Belting Co., Inc.*, 733 A.2d 712 (R.I. 1999).

At the time of his injuries, Plaintiff was using the Defendants' product as it was intended to be used - as a trash collection truck. The manner and purposed for which the Plaintiff used the truck was both intended and foreseeable. *Austin v. Lincoln Equipment Associates, Inc.*, 888 F.2d 934, 938-939 (1st Cir. 1989).

2. Strict Products Liability - Failure to Warn

Under strict liability, a seller is required to warn a user of those dangers which are reasonably foreseeable, and if he does not provide such a warning, then the product is rendered defective. *Thomas v. Amway Corporation*, 488 A. 2d 716, 722 (R.I. 1985). The responsibility for warning the Plaintiff of the danger was the Defendants, as an employer does not have an independent duty running to the manufacturer to use the machinery so as to avoid imposition of liability upon the manufacturer. *Roy v. Star Chopper Company, Inc.*, 442 F.Supp. 1010, 1019 (D.R.I. 1977).

3. Breach of Warranty of Fitness

Defendants breached the implied warranty of merchantability and fitness of the trash compactor bodies because the trash compactor was unfit for the ordinary purpose for which it was intended to be used or it was unfit for a particular purpose. R.I.Gen. Laws § 6A-2-314; 6A-2-315; *Thomas v. Amway Corporation*, 488 A. 2d at 718-719. In order to recover in an action for breach of an implied warranty, a plaintiff must prove that a merchant sold the goods, which were not merchantable at the time of sale, injury to the plaintiff, proximately caused by the defective nature of the goods and notice to seller of the injury. *Electric Terminal Corp. v. Cessna Aircraft*, 520 A. 2d 144, 146 (R.I. 1987).

4. Negligent Design

In order prevail on a negligent design claim, Plaintiff must establish that the Defendants owed a duty to refrain from negligent behavior, Defendants breached that duty, the breach proximately caused the accident and the injury and that there was actual damage resulting. *Splendorio v. Bilray Demolition Co., Inc*., 682 A.2d 461, 466 (R.I. 1996). The legal duty that is the predicate for a negligent design claim is the general duty of every manufacturer to use due care to avoid foreseeable dangers in its products. *Crawford v. Cooper/T.Smith Stevedoring Co., Inc.*, 14 F.Supp. 2d 202 (D.R.I. 1998).

Plaintiffs,
By their Attorney,

/s/ Peter P.D.Leach
PETER P.D. LEACH (#3955)
One Charles Street
Providence, RI 02904
(401) 521-9100
(401) 521-9120 Fax

/s/ Christine M. Curley
CHRISTINE M. CURLEY (#4529)
275 Beacon Drive
North Kingstown, RI 02852
(401) 294-0847
FAX (401) 294-0849
christinecurley@earthlink.net

**CERTIFICATION**

I hereby certify that the foregoing Pretrial Conference Statement was filed electronically with the United States District Court for the District of Rhode Island and is available for viewing and downloading from the Electronic Case Filing system. The following attorney received service by electronic means on this 16th day of February 2007:

Mark P. Dolan, Esq.
Rice Dolan & Kershaw
170 Westminster Street, Suite 900
Providence, RI 02903

Mark Nugent
Morrison Mahoney LLP
121 South Main Street
Providence, RI 02903

/s/ Christine M. Curley

.