IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| VICTOR GODOY and<br>REGINALDA GONZALES | : | |
| vs. | : | C.A. No.: 06-485ML |
| EQUIPMENT LABRIE LTEE and<br>MACK TRUCKS, INC. | : | |

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES AND TO STRIKE OBJECTIONS DIRECTED TO DEFENDANT MACK TRUCKS, INC.**

Plaintiff Victor Godoy ("Godoy) hereby moves this Court to compel Defendant Mack Trucks, Inc. ("Mack") to produce documents in response to his document requests propounded on March 13, 2008 and to compel answers to interrogatories propounded on March 13, 2008, and to strike Mack's objections thereto. Since discovery has been outstanding for some time, and it is necessary for deposition to be conducted, Godoy requests an Order requiring Mack to comply with said discovery requests within twenty (20) days.

Plaintiff has attempted in good faith to confer with Defendant Mack to resolve this discovery dispute without court intervention. However, although the issues between the parties have been narrowed, court action is now required to resolve the remaining issues.

## FACTUAL BACKGROUND

This is a products liability claim seeking to impose liability for the serious personal injuries sustained by Plaintiff Victor Godoy on July 19, 2005. Plaintiff Godoy was employed by American Waste Systems, LLC, as a trash collector. Prior to July 2005, American Waste Systems, LLC, purchased a truck designed, distributed and manufactured by Defendants

Equipment Labrie Ltee and Mack Trucks, Inc. Defendants are in the business of designing, manufacturing, marketing and distributing side loading garbage trucks.

On or about July 19, 2005, Plaintiff, Godoy was an employee of American and was assigned to a truck, commercial number, H69-325, which was manufactured and distributed by Defendants. At all times material, Plaintiff, Godoy was under the exercise of due care and was unaware of the dangerous, unsafe and defective condition of the truck. On July 19, 2005, Plaintiff, Godoy was severely injured and sustained a loss of his right leg as the result of Defendants' fault and neglect and carelessness and that of its agents in manufacturing, designing and selling a defective and dangerous truck. Defendants also failed to provide adequate warnings reasonably designed and intended to alert people like Plaintiff, Godoy of the potential dangers and consequences of using said truck. It was reasonably foreseeable to the Defendants that its failure to properly design, manufacture and assemble the truck and failure to warn could result in damages and injuries as those sustained by Plaintiff, Godoy.

## PROCEDURAL BACKGROUND

On March 13, 2008, Plaintiff propounded a request for production of documents directed to Defendant Mack , enumerating Request Numbers 39 through 61. *Exhibit 1*. On March 24, 2008, Defendant Mack filed objections to Request Numbers 45-49, 51-54, 60 and 61. *Exhibit 2*. Defendant Mack filed its responses to Plaintiff's document requests on April 28, 2008. *Exhibit 3*. Thereafter, Plaintiff and Defendant Mack conferred to clarify the scope of the document requests and Defendant Mack's counsel represented it would consult with his client to resolve the discovery dispute. *Exhibit 7*. Some additional documents were produced on or about May 8, 2008, but it was not made clear whether Defendant Mack was withdrawing its objections and whether all responsive documents had been produced.

On March 13, 2008 Plaintiff propounded interrogatories directed to Defendant Mack, enumerating Interrogatory Numbers 27 through 32. *Exhibit 4*. These interrogatories were resent to Defendant Mack on May 13, 2008. Defendant Mack filed its objections to said interrogatories on May 16, 2008. *Exhibit 6*. By letter dated June 11, 2008, Plaintiff's counsel once again attempted to resolve the issues in dispute and explained the relevance of the documents requested and interrogatories propounded. *Exhibit 8*.

Defendant Mack filed its answers to said interrogatories on June 26, 2008 which did not address the issues raised by Plaintiff 's counsel in his letter and reiterated Defendant Mack's previous objections. *Exhibit 5*. To date, no additional documents have been produced and no supplemental interrogatory responses have been received.

## LEGAL ARGUMENT

Plaintiff contends that Defendant Mack is strictly liable and/or negligently liable for the injuries sustained by Plaintiff which were caused by the defective design of the trash collection truck at issue in this case. Plaintiff contends that the incomplete truck chassis designed, manufactured and distributed by Defendant Mack was defectively designed because, among other things, it was defectively designed for use by one operator, it had an inadequate and defective braking system and did not have an adequate braking system to prevent the truck from moving during frequent stops thereby rendering the truck unsafe for its intended use. In addition, Defendant Mack is liable because it failed to produce a reasonable alternative design that may have reduced or avoided the foreseeable risk of harm suffered by Plaintiff. Plaintiff is entitled to explore all of its theories of liability through the discovery propounded upon Defendant Mack.

It is a well-recognized principle that the scope of discovery is intended to be very broad, encompassing any information, not privileged, which may lead to the discovery of admissible evidence. The Federal Rules require that all relevant information, not privileged, be produced. The scope of discovery is governed generally by Fed.R.Civ.P. 26(b), which reads in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party.... It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

"It is well established that the range of discovery under this provision is extremely broad. If there is some legitimate relevance to the requested information and if no cognizable privilege attaches, it ought to be discoverable-at least in the absence of some countervailing consideration, e.g., that production would be disproportionately onerous or burdensome, that unfair prejudice would result, or the like." *Bennett v. La Pere*, 112 F.R.D. 136, 140 (D.R.I. 1986) (citations omitted). As the District Court further observed:

> In federal litigation, relevance has come to be an elastic concept. S*ee United States v. Tierney*, 760 F.2d 382, 387-88 (1st Cir.1985). Particularly in the precincts of pretrial discovery, the concept is broadly and liberally interpreted. *See Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 391, 91 L.Ed. 451 (1947). As the Court has noted, "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Id*. To that end, Rule 26(b) permits a party to inquire into anything "relevant" to the subject matter of the litigation.

Once it is determined that material sought by discovery is relevant and not privileged, the party seeking the discovery has crossed the modest threshold which Rule 26(b) erects. From that point forward, the party opposing discovery has the burden of establishing some good cause or sound reason for blocking disclosure. *Bennett v. La Pere*, 112 F.R.D. at 140.

However, the mere statement by a party that the interrogatory is "overly broad, burdensome, oppressive and irrelevant" is not adequate to voice a successful objection to an interrogatory. On the contrary, the party resisting discovery "must show specifically how ... each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296-97 (E.D.Pa.1980) (citations omitted); *Bowman v. General Motors Corp.*, 64 F.R.D. 62 (E.D.Pa.1974) (permitting discovery of information about the design and testing of models similar to the one at issue in that case).

Additionally, defendant's assertions of harassment, burden, prejudice, and expense are generalized, non-specific objections, which are insufficient to prevent the requested discovery. The party claiming that a discovery request is unduly burdensome must allege specific facts that indicate the nature and extent of the burden, usually by affidavits or other reliable evidence. *See Coker v. Duke & Co.*, 177 F.R.D. 682, 686 (M.D.Ala.1998); *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 528-29 (D.Nev.1997). A conclusory assertion of burden and expense is not enough. *See Tucker v. Ohtsu Tire & Rubber Co., Ltd.*, 191 F.R.D. 495, 498 (D.Md. 2000).

Plaintiff's discovery requests seek documents and information relevant and material to the claims and defenses in this case. Defendant Mack's objections and responses fail to meet the burden of proof required under the Federal Rules of Civil Procedure for avoiding otherwise relevant discovery. Accordingly, Plaintiff's motion to compel must be granted in all respects.

## SPECIFIC DOCUMENT REQUESTS AND INTERROGATORIES

### A. Document Requests

**Request #45**. All engineering drawings and specifications relating to the manufacturer of the braking system for the subject matter truck as referenced in Plaintiff's Complaint, specifically and including each of the following:

a. all design drawings and specifications, whether or not conforming to the final finished product;
b. drawings and specifications relating to assembly or subassembly;
c. drawings and specifications relating to available options;
d. drawings and specifications relating to safety features or equipment, whether included with the braking system as standard equipment or available as an option, and whether or not available at the time of sale of the subject truck; and
e. all drawings and specifications for any previous, subsequent, competitive or related model of the subject matter braking system produced at any time by the defendant.

**Objection:** Overly broad, unduly burdensome, and seeks otherwise irrelevant documentation. Unlimited as to time frame, scope and plaintiff's claims in this case.

**Response**: Objection. Overly broad, unduly burdensome, and seeks otherwise irrelevant documentation. Unlimited as to time frame, scope and plaintiff's claims in this case.

**PLAINTIFF'S RESPONSE**: Plaintiff has consistently stated that the claimed design defects pertain to the design of the work brake, the design of the braking system and the incomplete truck chassis for use by a single operator, and the failure to implement a reasonable alternative design that could have prevented Plaintiff's foreseeable injuries. The relevant time frame is the period in which Defendant Mack developed, designed, marketed and manufactured the LE series of incomplete vehicles, which Mack has represented was the mid-1990's. The documents sought by request number 45 with regard to the design of the braking system in the LE Series of incomplete vehicles sold by Mack are clearly relevant to this dispute and must be produced, the objections must be stricken, it must be clearly indicated whether or not responsive documents exist, and any and all responsive documents must be produced.

**Request #46**. All documents relating to the nature and/or results of any research or testing performed by or on behalf of or for the benefit of defendant relating to the performance and/or safety of the braking system for operation by a single operator, including any testing of the feasibility of safety features whether or not said features were incorporated into the finished product, and the economic feasibility and profitability of said safety features.

**Objection:** Overly broad, unduly burdensome, and seeks otherwise irrelevant documentation. Unlimited as to time frame, scope and plaintiff's claims in this case.

**Response**: Objection. Overly broad, unduly burdensome, and seeks otherwise irrelevant documentation. Unlimited as to time frame, scope and plaintiff's claims in this case.

**PLAINTIFF'S RESPONSE**: Plaintiff has consistently stated that the claimed design defects pertain to the design of the work brake, the design of the braking system and the incomplete truck chassis for use by a single operator and the failure to implement a reasonable alternative design that could have prevented Plaintiff's foreseeable injuries. The relevant time frame is the period in which Defendant Mack developed, designed, marketed and manufactured the LE series of incomplete vehicles, which Mack has represented was the mid-1990's. The documents sought by request number 46 relating to research and testing of the mechanisms of the LE series incomplete vehicle for use by a single operator are clearly relevant to this dispute and must be produced, the objections must be stricken, it must be clearly indicated whether or not responsive documents exist, and any and all responsive documents must be produced.

**Request #47**. All documents provided to any governmental agency, trade organization, testing facility, or laboratory pertaining to the testing, examination or approval of the subject braking system, for operation by a single operator.

**Objection:** Overly broad, unduly burdensome, and seeks otherwise irrelevant documentation. Unlimited as to time frame, scope and plaintiff's claims in this case.

**Response**: Objection. Overly broad, unduly burdensome, and seeks otherwise irrelevant documentation. Unlimited as to time frame, scope and plaintiff's claims in this case.

**PLAINTIFF'S RESPONSE**: Plaintiff has consistently stated that the claimed design defects pertain to the design of the work brake, the design of the braking system and the incomplete truck chassis for use by a single operator and the failure to implement a reasonable alternative design that could have prevented Plaintiff's foreseeable injuries. The relevant time frame is the period in which Defendant Mack developed, designed, marketed and manufactured the LE series

of incomplete vehicles, which Mack has represented was the mid-1990's. The documents sought by request number 47 pertaining to submissions and approvals of the subject braking system for use by a single operator are clearly relevant to this dispute and must be produced, the objections must be stricken, it must be clearly indicated whether or not responsive documents exist, and any and all responsive documents must be produced.

**Request #48**. All documents reflecting consumer complaints regarding the performance or safety of the subject braking system and all documents, including recall notices, reflecting any actions or response made by defendant to any such complaints.

**Objection:** Overly broad, unduly burdensome, and seeks otherwise irrelevant documentation. Unlimited as to time frame, scope and plaintiff's claims in this case.

**Response**: Objection. Overly broad, unduly burdensome, and seeks otherwise irrelevant documentation. Unlimited as to time frame, scope and plaintiff's claims in this case.

**PLAINTIFF'S RESPONSE**: Plaintiff has consistently stated that the claimed design defects pertain to the design of the work brake, the design of the braking system and the incomplete truck chassis for use by a single operator and the failure to implement a reasonable alternative design that could have prevented Plaintiff's foreseeable injuries. The relevant time frame is the period in which Defendant Mack developed, designed, marketed and manufactured the LE series of incomplete vehicles, which Mack has represented was the mid-1990's. The documents sought by request number 48 regarding consumer complaints are clearly relevant to this dispute and must be produced, the objections must be stricken, it must be clearly indicated whether or not responsive documents exist, and any and all responsive documents must be produced.

**Request #49**. All documents relating to seminars, conferences, or meetings at which defendant was represented regarding the state of art concerning the design, manufacturer, production or safety of the subject braking system involved in the within cause.

**Objection:** Overly broad, unduly burdensome, and seeks otherwise irrelevant documentation. Unlimited as to time frame, scope and plaintiff's claims in this case.

**Response**: Objection. Overly broad, unduly burdensome, and seeks otherwise irrelevant documentation. Unlimited as to time frame, scope and plaintiff's claims in this case.

**PLAINTIFF'S RESPONSE**: Plaintiff has consistently stated that the claimed design defects pertain to the design of the work brake, the design of the braking system and the incomplete truck chassis for use by a single operator and the failure to implement a reasonable alternative design that could have prevented Plaintiff's foreseeable injuries. The relevant time frame is the period in which Defendant Mack developed, designed, marketed and manufactured the LE series of incomplete vehicles, which Mack has represented was the mid-1990's. The documents sought by request number 49 regarding the state of the art for the braking system and safety for intended use by a single operator are clearly relevant to this dispute and must be produced, the objections must be stricken, it must be clearly indicated whether or not responsive documents exist, and any and all responsive documents must be produced.

**Request #50**. All documents relating to any experiments, testing, analysis or research financially supported by defendant relating to the safety or performance of the subject truck, for operation by a single operator involved in the within cause.

**Response**: Objection. Overly broad, unduly burdensome, and seeks otherwise irrelevant documentation. Unlimited as to time frame, scope and plaintiff's claims in this case.

**PLAINTIFF'S RESPONSE**: Plaintiff has consistently stated that the claimed design defects pertain to the design of the work brake, the design of the braking system and the incomplete truck chassis for use by a single operator and the failure to implement a reasonable alternative design that could have prevented Plaintiff's foreseeable injuries. The relevant time frame is the period in which Defendant Mack developed, designed, marketed and manufactured the LE series of incomplete vehicles, which Mack has represented was the mid-1990's. The documents sought by request number 50 relating to testing regarding the safety of the LE Series incomplete vehicle

for use by a single operator are clearly relevant to this dispute and must be produced, the objections must be stricken, it must be clearly indicated whether or not responsive documents exist, and any and all responsive documents must be produced.

**Request #51**. All computerized data, data bases, indexes, disc and diskettes relating to or reflecting any of the following:

a. names and addresses of any persons who claim to have sustained injury or loss relating to the use or operation of the subject braking system;
b. any categorization of the reported circumstances [including age, race, sex, education, geographical region, etc.] relating to any claim of alleged injury or loss related to the use of or exposure to the subject braking system;
c. data relating to any tests, experiments, or analysis of the performance and/or safety of the subject braking system;
d. data regarding any proposed or actual modifications to the subject braking system;
e. data relating to the names and addresses of any attorney's or expert witnesses who have appeared or expressed opinions on behalf of defendant and response to any claim of injury or loss alleged to have resulted from the use of or exposure to subject braking system; and
f. data concerning defendants costs to produce and/or market subject incomplete vehicle with the subject braking system and/or the economic feasibility of any proposed or actual option, modification, or other feature for said braking system.

**Objection:** Overly broad, unduly burdensome, and seeks otherwise irrelevant documentation. Unlimited as to time frame, scope and plaintiff's claims in this case.

**Response**: Objection. Overly broad, unduly burdensome, and seeks otherwise irrelevant documentation. Unlimited as to time frame, scope and plaintiff's claims in this case.

**PLAINTIFF'S RESPONSE**: Plaintiff has consistently stated that the claimed design defects pertain to the design of the work brake, the design of the braking system and the incomplete truck chassis for use by a single operator and the failure to implement a reasonable alternative design that could have prevented Plaintiff's foreseeable injuries. The relevant time frame is the period in which Defendant Mack developed, designed, marketed and manufactured the LE series of incomplete vehicles, which Mack has represented was the mid-1990's. The documents sought by request number 51 are clearly relevant to this dispute and must be produced, the objections

must be stricken, it must be clearly indicated whether or not responsive documents exist, and any and all responsive documents must be produced.

**Request #52**. All documents, specifically, including but not limited to video tapes, photographs, drawings, slides, transparencies, and models, and any experiments by or on behalf of, or for the benefit of defendant relating to the subject matter braking system and/or to the injury or loss alleged to have been sustained in the within cause and/or which defendant may propose to introduce at the time of trial.

**Objection:** Overly broad, unduly burdensome, and seeks otherwise irrelevant documentation. Unlimited as to time frame, scope and plaintiff's claims in this case.

**Response**: Objection. Overly broad, unduly burdensome, and seeks otherwise irrelevant documentation. Unlimited as to time frame, scope and plaintiff's claims in this case.

**PLAINTIFF'S RESPONSE**: Plaintiff has consistently stated that the claimed design defects pertain to the design of the work brake, the design of the braking system and the incomplete truck chassis for use by a single operator and the failure to implement a reasonable alternative design that could have prevented Plaintiff's foreseeable injuries. The relevant time frame is the period in which Defendant Mack developed, designed, marketed and manufactured the LE series of incomplete vehicles, which Mack has represented was the mid-1990's. The documents sought by request number 52 are clearly relevant to this dispute and must be produced, the objections must be stricken, it must be clearly indicated whether or not responsive documents exist, and any and all responsive documents must be produced.

**Request #60**. All internal correspondence, memoranda, intra-office memoranda, computer generated communications, including e-mails, and minutes of meetings regarding the safety of the subject braking system.

**Objection:** Overly broad, unduly burdensome, and seeks otherwise irrelevant documentation. Unlimited as to time frame, scope and plaintiff's claims in this case.

**Response**: Objection. Overly broad, unduly burdensome, and seeks otherwise irrelevant documentation. Unlimited as to time frame, scope and plaintiff's claims in this case.

**PLAINTIFF'S RESPONSE**: Plaintiff has consistently stated that the claimed design defects pertain to the design of the work brake, the design of the braking system and the incomplete truck chassis for use by a single operator and the failure to implement a reasonable alternative design that could have prevented Plaintiff's foreseeable injuries. The relevant time frame is the period in which Defendant Mack developed, designed, marketed and manufactured the LE series of incomplete vehicles, which Mack has represented was the mid-1990's. The documents sought by request number 60 are clearly relevant to this dispute and must be produced, the objections must be stricken, it must be clearly indicated whether or not responsive documents exist, and any and all responsive documents must be produced.

**Request #61**. All internal correspondence, memoranda, intra-office memoranda, computer generated communications, including e-mails, and minutes of meetings regarding the safety of the subject truck for operation by a single operator.

**Objection:** Overly broad, unduly burdensome, and seeks otherwise irrelevant documentation. Unlimited as to time frame, scope and plaintiff's claims in this case.

**Response**: Objection. Overly broad, unduly burdensome, and seeks otherwise irrelevant documentation. Unlimited as to time frame, scope and plaintiff's claims in this case.

**PLAINTIFF'S RESPONSE**: Plaintiff has consistently stated that the claimed design defects pertain to the design of the work brake, the design of the braking system and the incomplete truck chassis for use by a single operator and the failure to implement a reasonable alternative design that could have prevented Plaintiff's foreseeable injuries. The relevant time frame is the period in which Defendant Mack developed, designed, marketed and manufactured the LE series of incomplete vehicles, which Mack has represented was the mid-1990's. The documents sought by request number 61 are clearly relevant to this dispute and must be produced, the objections

must be stricken, it must be clearly indicated whether or not responsive documents exist, and any and all responsive documents must be produced.

**B. Interrogatories**

**27**. As to July 19, 2005, please describe defendant's organization, or management structure, setting forth the name of each of defendant's employees, and such persons title, who hold [held] a position which defendant believes to be in a nature of a management position and, as to each such person, state the name of the supervisor or other person to whom such person is [was] directly responsible. In lieu thereof, you may attach to your answers to these interrogatories the charts setting forth organizational or management structure.

**Objection**. Overly broad, unduly burdensome and seeks otherwise irrelevant information.

**Answer**: Objection. Overly broad, unduly burdensome and seeks otherwise irrelevant information.

**PLAINTIFF'S RESPONSE**: Plaintiff seeks information pertaining to the organizational structure of the Defendant in order to ascertain which individuals are likely to possess relevant, discoverable matter, and also in order to understand the chain of authority and checks and balances within Mack Trucks, Inc. As such, the requested information is neither unduly burdensome nor irrelevant.

**28**. Please state the name, address and title of each of defendant's employees who had the primary responsibility with respect to the braking system, including but not limited to its operation by a single operator for the subject matter truck as referred to in the Plaintiff's Complaint for each of the following:

a. Research and development;
b. Testing;
c. Consumer Complaints and claims;
d. Risk Management and analysis;
e. Marketing;
f. Product design;
g. Engineering;
h. Product Safety;
i. Manufacturing; and
j. Product warnings.

**Objection**. The interrogatory as phrased does not properly identify the "subject matter truck." Plaintiffs' complaint does not utilize that term. To the extent that the interrogatory as phrased refers to the completed vehicle involved in the incident, Mack employees only had something to do with the design and assembly of the incomplete vehicle identified by VIN #1M2AC07C73M008441. It is unclear as to what the plaintiff refers to with the term "brake system."

**Answer**: Objection. The interrogatory as phrased does not properly identify the "subject matter truck." Plaintiffs' complaint does not utilize that term. To the extent that the interrogatory as phrased refers to the completed vehicle involved in the incident, Mack employees only had something to do with the design and assembly of the incomplete vehicle identified by VIN #1M2AC07C73M008441. It is unclear as to what the plaintiff refers to with the term "brake system."

**PLAINTIFF'S RESPONSE**: Plaintiff has consistently stated that the claimed design defects pertain to the design of the work brake, the design of the braking system and the incomplete truck chassis for use by a single operator and the failure to implement a reasonable alternative design that could have prevented Plaintiff's foreseeable injuries. Mack has represented that the incomplete vehicle model at issue, which was involved in the incident causing Plaintiff's injuries, is the LE Series. Clearly, this interrogatory requests relevant information which Defendant Mack must be compelled to provide.

**29.** Please state the applicable dates with respect to the braking system for the subject truck as referred to in the plaintiff's complaint for each of the following:

a. When the braking system was first conceived;
b. When the initial design for the braking system was first created;
c. When the defendant first commenced manufacturing of the braking system, including a prototype;
d. The first testing of any kind by defendant or on defendant's behalf with respect to the braking system;
e. The first testing done by or on behalf of the defendant for purposes of analyzing the safety of the braking system;
f. Any testing done by or on behalf of the defendant, subsequent to the dates previously set forth in an answer to this interrogatory;
g. When the marketing of the braking system was commenced;
h. When any modifications were made to the braking system, and, for each such date, identify the particular modification or modifications associated with such date; and

i. When any modifications were made to account for operation of said truck by a single operator, and, for each such date, identify the particular modification or modifications associated with such date.

**Objection.** The interrogatory as phrased does not properly identify the “subject matter truck.” Plaintiffs’ complaint does not utilize that term. To the extent that the interrogatory as phrased refers to the completed vehicle involved in the incident, Mack employees only had something to do with the design and assembly of the incomplete vehicle identified by VIN #1M2AC07C73M008441. It is unclear as to what the plaintiff refers to with the term “brake system.

**Answer**: Objection. The interrogatory as phrased does not properly identify the “subject matter truck.” Plaintiffs’ complaint does not utilize that term. To the extent that the interrogatory as phrased refers to the completed vehicle involved in the incident, Mack employees only had something to do with the design and assembly of the incomplete vehicle identified by VIN #1M2AC07C73M008441. It is unclear as to what the plaintiff refers to with the term “brake system.

Without waiving said objection, defendant states as follows:
(a)-(f) Early 1990’s
(g) Mack did not market the brake system, Mack marketed the LE series of incomplete vehicles. Marketing of the LE began in mid-1990’s.
(h) See objection above.
(i) Not applicable.

**PLAINTIFF’S RESPONSE**: Plaintiff has consistently stated that the claimed design defects pertain to the design of the work brake, the design of the braking system and the incomplete truck chassis for use by a single operator and the failure to implement a reasonable alternative design that could have prevented Plaintiff’s foreseeable injuries. Mack has represented that the incomplete vehicle model at issue, which was involved in the incident causing Plaintiff’s injuries, is the LE Series. Clearly, this interrogatory requests relevant information which Defendant Mack must be compelled to provide.

**30.** Please state whether the defendant, individually or with another or others, or anyone acting on defendants behalf conducted any studies, tests, investigations or other inquiry of any kind to determine the use, uses, or foreseeable misuses of the braking system by a single operator of the subject truck. If so, please state:

a. each such date upon which any such study, test, investigation or other inquiries were made;

b. the name and last known address of each person known to you who conducted, participated or was present at such test, study, investigation or other inquiries were made;

c. the location as to each such test, study, investigation or other inquiries were made; and

d. whether or not a record of such study, test, investigation or other inquiry was made in any tangible form, including but not limited to memorandum, audiotape, videotape, film or photograph and, if so, whether each tangible record still exists. If so, please state the name and last known address of the custodian of such tangible record.

**Objection**. The interrogatory as phrased does not properly identify the "subject matter truck." Plaintiffs' complaint does not utilize that term. To the extent that the interrogatory as phrased refers to the completed vehicle involved in the incident, Mack employees only had something to do with the design and assembly of the incomplete vehicle identified by VIN #1M2AC07C73M008441. It is unclear as to what the plaintiff refers to with the term "brake system.

**Answer**: Objection. The interrogatory as phrased does not properly identify the "subject matter truck." Plaintiffs' complaint does not utilize that term. To the extent that the interrogatory as phrased refers to the completed vehicle involved in the incident, Mack employees only had something to do with the design and assembly of the incomplete vehicle identified by VIN #1M2AC07C73M008441. It is unclear as to what the plaintiff refers to with the term "brake system.

**PLAINTIFF'S RESPONSE**: Plaintiff has consistently stated that the claimed design defects pertain to the design of the work brake, the design of the braking system and the incomplete truck chassis for use by a single operator and the failure to implement a reasonable alternative design that could have prevented Plaintiff's foreseeable injuries. Mack has represented that the incomplete vehicle model at issue, which was involved in the incident causing Plaintiff's injuries, is the LE Series. Clearly, this interrogatory requests relevant information which Defendant Mack must be compelled to provide.

**31.** Did defendants have in its employ or contract for the services of, any human factors, consultant, or safety engineer to advise defendant concerning any inherent design hazards, risks or dangers, indicated warnings or other matters pertaining to the safe use of the subject matter truck by the consuming public from the time of design, manufacture, and marketing of the subject matter truck. If so, give the name, last known address, occupation, and title of use of each person.

**Objection**. The interrogatory as phrased does not properly identify the "subject matter truck." Plaintiffs' complaint does not utilize that term. To the extent that the interrogatory as phrased refers to the completed vehicle involved in the incident, Mack employees only had something to do with the design and assembly of the incomplete vehicle identified by VIN #1M2AC07C73M008441. It is unclear as to what the plaintiff refers to with the term "brake system.

**Answer**: Objection. The interrogatory as phrased does not properly identify the "subject matter truck." Plaintiffs' complaint does not utilize that term. To the extent that the interrogatory as phrased refers to the completed vehicle involved in the incident, Mack employees only had something to do with the design and assembly of the incomplete vehicle identified by VIN #1M2AC07C73M008441. It is unclear as to what the plaintiff refers to with the term "brake system.

**PLAINTIFF'S RESPONSE**: Plaintiff has consistently stated that the claimed design defects pertain to the design of the work brake, the design of the braking system and the incomplete truck chassis for use by a single operator and the failure to implement a reasonable alternative design that could have prevented Plaintiff's foreseeable injuries. Mack has represented that the incomplete vehicle model at issue, which was involved in the incident causing Plaintiff's injuries, is the LE Series. Clearly, this interrogatory requests relevant information which Defendant Mack must be compelled to provide.

**32**. State the name and last known address of each person or company known to you which manufacturers, produces or distributes a truck for single operation with a braking system similar to the subject truck, as referenced in Plaintiff's Complaint. If so, as to any such manufacturer, producer or distributor, please state the trade, model or brand name of any such competitive product if known to you.

**Objection.** The interrogatory as phrased does not properly identify the "subject matter truck." Plaintiffs' complaint does not utilize that term. To the extent that the interrogatory as phrased refers to the completed vehicle involved in the incident, Mack employees only had something to do with the design and assembly of the incomplete vehicle identified by VIN #1M2AC07C73M008441. It is unclear as to what the plaintiff refers to with the term "brake system.

**Answer**: Objection. The interrogatory as phrased does not properly identify the "subject matter truck." Plaintiffs' complaint does not utilize that term. To the extent that the interrogatory as phrased refers to the completed vehicle involved in the incident, Mack employees only had something to do with the design and assembly of the

incomplete vehicle identified by VIN #1M2AC07C73M008441. It is unclear as to what the plaintiff refers to with the term "brake system.

**PLAINTIFF'S RESPONSE**: Plaintiff has consistently stated that the claimed design defects pertain to the design of the work brake, the design of the braking system and the incomplete truck chassis for use by a single operator and the failure to implement a reasonable alternative design that could have prevented Plaintiff's foreseeable injuries. Mack has represented that the incomplete vehicle model at issue, which was involved in the incident causing Plaintiff's injuries, is the LE Series. Clearly, this interrogatory requests relevant information which Defendant Mack must be compelled to provide.

**33**. State whether there is or was in existence any policy of liability insurance which would or might inure to the benefit of the Plaintiffs herein, by providing for payment of a part of or all of any judgment rendered in favor of the Plaintiffs against you or against any other person, firm or corporation who is or may be liable to the Plaintiffs by reason of the incident described in the Complaint, and if the answer is "yes," state the following as to each policy of insurance known or believed to exist by you or your attorneys (including any policy which does or may provide coverage to an owner, driver, employer, partner, or other Defendant or potential Defendant):

a. the name and address of the insurer on each such policy;
b. the name and address of each named insured on each such policy;
c. the relationship, if any, between each named insured on each such policy and any named Defendant in this cause;
d. the policy number of each such policy;
e. the name and address of any person, firm or corporation who is or may be an "additional insured" under such policy by reason of the incident described in the Complaint, including any named Defendant in this cause;
f. the limits of liability in such policy as might be applied to any one plaintiff by reason of any one incident and the total limits of liability to all persons by reason of any one incident; and
g. whether or not all "excess" and "catastrophe" and "umbrella" policies known to exist are listed above, and if not, why not.

**Answer**: See Declaration page appended hereto.

**PLAINTIFF'S RESPONSE**: Defendant Mack has not produced the Declaration as represented.

## CONCLUSION

For the foregoing reasons, Plaintiff Victor Godoy requests that its Motion to Compel Production of Documents and Motion to Compel Answers to Interrogatories from Defendant Mack Trucks, Inc. and to Strike Objections be granted in all respects and that Defendant Mack be ordered to file supplemental responses within twenty (20) days. Plaintiff also requests that he be awarded his reasonable costs and attorney's fees for bringing this motion pursuant to Fed. R. Civ. P. 37 (a) (5) (A).

## CERTIFICATION PURSUANT TO RULE 37 (a)(2) (A)

The undersigned counsel for Plaintiff Victor Godoy in the above captioned action hereby certifies that prior to filing this Motion to Compel he did in good faith confer with opposing counsel in an effort to resolve these disputes without court action.

____________________________

Plaintiff,
By his Attorney,

____________________________

Peter P.D. Leach (#3955)
One Charles Street
Providence, RI 02904
(401) 521-9100

**CERTIFICATION**

I hereby certify that the foregoing was filed electronically with the United States District Court for the District of Rhode Island and is available for viewing and downloading from the Electronic Case Filing system. The following attorneys received service by electronic means on this _th day of September 2008:

Mark P. Dolan, Esq.
Rice Dolan & Kershaw
170 Westminster Street, Suite 900
Providence, RI 02903

Mark Nugent, Esq.
Morrison Mahoney LLP
121 South Main Street
Providence, RI 02903

/s/ Christine M. Curley