*MPD:rad 06-337*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| VICTOR GODOY, and<br>REGINALDA GONZALES,<br>Plaintiffs, | : | |
| VS. | : | **C.A. No: 06-485 ML** |
| EQUIPMENT LABRIE LTEE, and<br>MACK TRUCKS, INC.,<br>Defendants. | : | |

**DEFENDANT MACK TRUCKS, INC.'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS DATED 3/13/08**

Now comes the defendant, Mack Trucks, Inc., and hereby objects to certain of the Plaintiff's Requests for Production of Documents dated on or about March 13, 2008, as specified below:

**45.** All engineering drawings and specifications relating to the manufacturer of the braking system for the subject matter truck as referenced in Plaintiff's Complaint, specifically and including each of the following:

a. all design drawings and specifications, whether or not conforming to the final finished product
b. drawings and specifications relating to assembly or subassembly;
c. drawings and specifications relating to available options;
d. drawings and specifications relating to safety features or equipment, whether included with the braking system as standard equipment or available as an option, and whether or not available at the time of sale of the subject truck; and
e. all drawings and specifications for any previous, subsequent, competitive or related model of the subject matter braking system produced at any time by the defendant.

**Objection. Overly broad, unduly burdensome, and seeks otherwise irrelevant documentation. Unlimited as to time frame, scope and plaintiff's claims in this case.**

**46.** All documents relating to the nature and/or results of any research or testing performed by or on behalf of or for the benefit of defendant relating to the performance and/or safety

EXHIBIT 2

Blumberg No. 5118

of the braking system for operation by a single operator, including any testing of the feasibility of safety features whether or not said features were incorporated into the finished product, and the economic feasibility and profitability of said safety features.

**Objection. Overly broad, unduly burdensome, and seeks otherwise irrelevant documentation. Unlimited as to time frame, scope and plaintiff's claims in this case.**

**47.** All documents provided to any governmental agency, trade organization, testing facility, or laboratory pertaining to the testing, examination or approval of the subject braking system, for operation by a single operator.

**Objection. Overly broad, unduly burdensome, and seeks otherwise irrelevant documentation. Unlimited as to time frame, scope and plaintiff's claims in this case.**

**48.** All documents reflecting consumer complaints regarding the performance or safety of the subject braking system and all documents, including recall notices, reflecting any actions or response made by defendant to any such complaints.

**Objection. Overly broad, unduly burdensome, and seeks otherwise irrelevant documentation. Unlimited as to time frame, scope and plaintiff's claims in this case.**

**49.** All documents relating to seminars, conferences, or meetings at which defendant was represented regarding the state of art concerning the design, manufacturer, production or safety of the subject braking system involved in the within cause.

**Objection. Overly broad, unduly burdensome, and seeks otherwise irrelevant documentation. Unlimited as to time frame, scope and plaintiff's claims in this case.**

**51.** All computerized data, data bases, indexes, disc and diskettes relating to or reflecting any of the following:

a. names and addresses of any persons who claim to have sustained injury or loss relating to the use or operation of the subject braking system;

b. any categorization of the reported circumstances [including age, race, sex, education, geographical region, etc.] relating to any claim of alleged injury or loss related to the use of or exposure to the subject braking system;

c. data relating to any tests, experiments, or analysis of the performance and/or safety of the subject braking system;

d. data regarding any proposed or actual modifications to the subject braking system;

e. data relating to the names and addresses of any attorney's or expert witnesses who have appeared or expressed opinions on behalf of defendant and response to any claim of injury or loss alleged to have resulted from the use of or exposure to subject braking system; and

f. data concerning defendants costs to produce and/or market subject incomplete vehicle with the subject braking system and/or the economic feasibility of any proposed or actual option, modification, or other feature for said braking system.

**Objection. Overly broad, unduly burdensome, and seeks otherwise irrelevant documentation. Unlimited as to time frame, scope and plaintiff's claims in this case.**

52. All documents, specifically, including but not limited to video tapes, photographs, drawings, slides, transparencies, and models, and any experiments by or on behalf of, or for the benefit of defendant relating to the subject matter braking system and/or to the injury or loss alleged to have been sustained in the within cause and/or which defendant may propose to introduce at the time of trial.

**Objection. Overly broad, unduly burdensome, and seeks otherwise irrelevant documentation. Unlimited as to time frame, scope and plaintiff's claims in this case.**

53. All documents which defendant relies to support its affirmative defenses as set forth in its answer in the within cause.

**Objection. Seeks mental impressions and conclusions of counsel.**

54. Defendant's organizational charts applicable for the year 2005 and for the current year, including any such drawings showing defendant's organizational structure, including where applicable the names and titles of each of defendant's officers and heads of each of defendant's departments and divisions, if any.

**Objection. Seeks irrelevant documentation.**

60. All internal correspondence, memoranda, intra-office memoranda, computer generated communications, including e-mails, and minutes of meetings regarding the safety of the subject braking system.

**Objection. Overly broad, unduly burdensome, and seeks otherwise irrelevant documentation. Unlimited as to time frame, scope and plaintiff's claims in this case.**

61. All internal correspondence, memoranda, intra-office memoranda, computer generated communications, including e-mails, and minutes of meetings regarding the safety of the subject truck for operation by a single operator.

**Objection. Overly broad, unduly burdensome, and seeks otherwise irrelevant documentation. Unlimited as to time frame, scope and plaintiff's claims in this case.**

Defendant, MACK TRUCKS, INC.,
By Its Attorneys,

Mark P. Dolan, Esq. (#3280)
RICE, DOLAN & KERSHAW
72 Pine Street – Suite 300
Providence, RI 02903
Phone No: (401) 272-8800
*Fax No: (401) 421-7218*

Dated: March 24, 2008

**CERTIFICATION**

I hereby certify that I mailed a true copy of the within Objection to the following counsel of record:

Peter P.D. Leach, Esq.
One Charles Street
Providence, RI 02904

Mark T. Nugent, Esq.
Morrison Mahoney, LLP
121 South Main Street – Suite 600
Providence, RI 02903

Dated: March 24, 2008