**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **VICTOR GODOY and** | ) | |
| **REGINALDA GONZALES** | ) | |
| | ) | |
| **vs.** | ) | **C.A. No.: 06-485ML** |
| | ) | |
| **EQUIPMENT LABRIE LTEE. and** | ) | |
| **MACK TRUCKS, INC.** | ) | |

**<u>PLAINTIFF, VICTOR GODOY'S, INTERROGATORIES</u>**
**<u>TO DEFENDANT, MACK TRUCKS, INC.</u>**

Plaintiff, Victory Godoy, pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby directs Defendant, Mack Trucks, Inc., to answer these interrogatories in writing and under oath within thirty (30) days after service hereof.

27. As to July 19, 2005, please describe defendant's organization, or management structure, setting forth the name of each of defendant's employees, and such persons title, who hold [held] a position which defendant believes to be in a nature of a management position and, as to each such person, state the name of the supervisor or other person to whom such person is [was] directly responsible. In lieu thereof, you may attach to your answers to these interrogatories the charts setting forth organizational or management structure.

28. Please state the name, address and title of each of defendant's employees who had the primary responsibility with respect to the braking system, including but not limted to its operation by a single operator for the subject matter truck as referred to in the Plaintiff's Complaint for each of the following:

a. Research and development;
b. Testing;
c. Consumer Complaints and claims;
d. Risk Management and analysis;
e. Marketing;
f. Product design;
g. Engineering;
h. Product Safety;
i. Manufacturing; and
j. Product warnings.

29. Please state the applicable dates with respect to the braking system for the subject truck as referred to in the plaintiff's complaint for each of the following:

a. When the braking system was first conceived;
b. When the initial design for the braking system was first created;

EXHIBIT 4

Blumberg No. 5118

c. When the defendant first commenced manufacturing of the braking system, including a prototype;
d. The first testing of any kind by defendant or on defendant's behalf with respect to the braking system;
e. The first testing done by or on behalf of the defendant for purposes of analyzing the safety of the braking system;
f. Any testing done by or on behalf of the defendant, subsequent to the dates previously set forth in an answer to this interrogatory;
g. When the marketing of the braking system was commenced;
h. When any modifications were made to the braking system, and, for each such date, identify the particular modification or modifications associated with such date; and
i. When any modifications were made to account for operation of said truck by a single operator, and, for each such date, identify the particular modification or modifications associated with such date.

30. Please state whether the defendant, individually or with another or others, or anyone acting on defendants behalf conducted any studies, tests, investigations or other inquiry of any kind to determine the use, uses, or foreseeable misuses of the braking system by a single operator of the subject truck. If so, please state:

a. each such date upon which any such study, test, investigation or other inquiries were made;
b. the name and last known address of each person known to you who conducted, participated or was present at such test, study, investigation or other inquiries were made;
c. the location as to each such test, study, investigation or other inquiries were made; and
d. whether or not a record of such study, test, investigation or other inquiry was made in any tangible form, including but not limited to memorandum, audiotape, videotape, film or photograph and, if so, whether each tangible record still exists. If so, please state the name and last known address of the custodian of such tangible record.

31. Did defendants have in its employ or contract for the services of, any human factors, consultant, or safety engineer to advise defendant concerning any inherent design hazards, risks or dangers, indicated warnings or other matters pertaining to the safe use of the subject matter truck by the consuming public from the time of design, manufacture, and marketing of the subject matter truck. If so, give the name, last known address, occupation, and title of use of each person.

32. State the name and last known address of each person or company known to you which manufacturers, produces or distributes a truck for single operation with a braking system similar to the subject truck, as referenced in Plaintiff's Complaint. If so, as to any such manufacturer, producer or distributor, please state the trade, model or brand name of any such competitive product if known to you.

33. State whether there is or was in existence any policy of liability insurance which would or might inure to the benefit of the Plaintiffs herein, by providing for payment of a part of or all of any judgment rendered in favor of the Plaintiffs against you or against any other person, firm or corporation who is or may be liable to the Plaintiffs by reason of the incident described in the Complaint, and if the answer is "yes," state the following as to each policy of insurance known or believed to exist by you or your attorneys (including any policy which does or may provide coverage to an owner, driver, employer, partner, or other Defendant or potential Defendant):

a. the name and address of the insurer on each such policy;
b. the name and address of each named insured on each such policy;
c. the relationship, if any, between each named insured on each such policy and any named Defendant in this cause;
d. the policy number of each such policy;
e. the name and address of any person, firm or corporation who is or may be an "additional insured" under such policy by reason of the incident described in the Complaint, including any named Defendant in this cause;
f. the limits of liability in such policy as might be applied to any one plaintiff by reason of any one incident and the total limits of liability to all persons by reason of any one incident; and
g. whether or not all "excess" and "catastrophe" and "umbrella" policies known to exist are listed above, and if not, why not.

Plaintiff,
By and through his attorney,

______________________________

Peter P.D. Leach, Esq., (3955)
One Charles Street
Providence, RI 02904
(401) 521-9100 Tel
(401) 521-9120 Fax

## CERTIFICATION

I herby certify that a true copy of the within Interrogatories were mailed to Mark P. Dolan, Esq., ***Rice Dolan & Kershaw,*** 72 Pine Street, Suite 300, Providence, RI 02903 and Mark T. Nugent, Esq., **Morrison Mahoney, LLP,** 10 Weybossett Street, Suite 900, Providence, RI 02903 on the 13th day of March, 2008.

______________________________