*MPD:rad 06-337*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| VICTOR GODOY, and<br>REGINALDA GONZALES,<br>Plaintiffs, | : | |
| VS. | : | **C.A. No: 06-485 ML** |
| EQUIPMENT LABRIE LTEE, and<br>MACK TRUCKS, INC.,<br>Defendants. | : | |

**DEFENDANT MACK TRUCKS, INC.'S**
**ANSWERS TO PLAINTIFF'S INTERROGATORIES**
**DATED 3/13/08**

Defendant Mack Trucks, Inc. hereby responds to the plaintiff Victor Godoy's Interrogatories as follows:

GENERAL OBJECTIONS

1. Mack Trucks, Inc. objects to the Interrogatories to the extent they are overly broad, unduly burdensome and oppressive and seek information not reasonably calculated to lead to the discovery of admissible evidence.

2. Mack Trucks, Inc. objects to the Interrogatories to the extent they purport to require efforts or responses beyond those required by Fed. R. Civ. P. 26 – 37.

3. Mack Trucks, Inc. objects to the Interrogatories to the extent they seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

4. By answering any interrogatory, Mack Trucks, Inc. does not waive any of its general or specific objections to that or any other interrogatory. Mack Trucks, Inc. does not

EXHIBIT 5

waive, but hereby expressly reserves, any and all applicable privileges. Mack Trucks, Inc. further reserves the right to supplement or amend its Answers as discovery proceeds.

## SPECIFIC OBJECTIONS AND RESPONSES

**27.** As to July 19, 2005, please describe defendant's organization, or management structure, setting forth the name of each of defendant's employees, and such persons title, who hold [held] a position which defendant believes to be in a nature of a management position and, as to each such person, state the name of the supervisor or other person to whom such person is [was] directly responsible. In lieu thereof, you may attach to your answers to these interrogatories the charts setting forth organizational or management structure.

__Answer__: **Objection. Overly broad, unduly burdensome and seeks otherwise irrelevant information.**

**28.** Please state the name, address and title of each of defendant's employees who had the primary responsibility with respect to the braking system, including but not limited to its operation by a single operator for the subject matter truck as referred to in the Plaintiff's Complaint for each of the following:

a. Research and development;
b. Testing;
c. Consumer Complaints and claims;
d. Risk Management and analysis;
e. Marketing;
f. Product design;
g. Engineering;
h. Product Safety;
i. Manufacturing; and
j. Product warnings.

__Answer__: **Objection. The interrogatory as phrased does not properly identify the "subject matter truck." Plaintiffs' complaint does not utilize that term. To the extent that the interrogatory as phrased refers to the completed vehicle involved in the incident, Mack employees only had something to do with the design and assembly of the incomplete vehicle identified by VIN #1M2AC07C73M008441. It is unclear as to what the plaintiff refers to with the term "brake system."**

**29.** Please state the applicable dates with respect to the braking system for the subject truck as referred to in the plaintiff's complaint for each of the following:

a. When the braking system was first conceived;
b. When the initial design for the braking system was first created;

c. When the defendant first commenced manufacturing of the braking system, including a prototype;
d. The first testing of any kind by defendant or on defendant's behalf with respect to the braking system;
e. The first testing done by or on behalf of the defendant for purposes of analyzing the safety of the braking system;
f. Any testing done by or on behalf of the defendant, subsequent to the dates previously set forth in an answer to this interrogatory;
g. When the marketing of the braking system was commenced;
h. When any modifications were made to the braking system, and, for each such date, identify the particular modification or modifications associated with such date; and
i. When any modifications were made to account for operation of said truck by a single operator, and, for each such date, identify the particular modification or modifications associated with such date.

**Answer:** **Objection. The interrogatory as phrased does not properly identify the "subject truck." Plaintiffs' complaint does not utilize that term. To the extent that the interrogatory as phrased refers to the completed vehicle involved in the incident, Mack employees only had something to do with the design and assembly of the incomplete vehicle identified by VIN #1M2AC07C73M008441. It is unclear as to what the plaintiff refers to with the term "brake system."**

**Without waiving said objection, defendant states as follows:**

**(a) – (f) Early 1990's.**
**(g) Mack did not market the brake system, Mack marketed the LE Series of incomplete vehicles. Marketing of the LE began in mid-1990's.**
**(h) See objection above.**
**(i) Not applicable.**

**30.** Please state whether the defendant, individually or with another or others, or anyone acting on defendants behalf conducted any studies, tests, investigations or other inquiry of any kind to determine the use, uses, or foreseeable misuses of the braking system by a single operator of the subject truck. If so, please state:

a. each such date upon which any such study, test, investigation or other inquiries were made;
b. the name and last known address of each person known to you who conducted, participated or was present at such test, study, investigation or other inquiries were made;
c. the location as to each such test, study, investigation or other inquiries were made; and
d. whether or not a record of such study, test, investigation or other inquiry was made in any tangible form, including but not limited to memorandum, audiotape, videotape, film or photograph and, if so, whether each tangible record still exists.

If so, please state the name and last known address of the custodian of such tangible record.

**Answer: Objection. The interrogatory as phrased does not properly identify the "subject truck." Plaintiffs' complaint does not utilize that term. To the extent that the interrogatory as phrased refers to the completed vehicle involved in the incident, Mack employees only had something to do with the design and assembly of the incomplete vehicle identified by VIN #1M2AC07C73M008441. It is unclear as to what the plaintiff refers to with the term "brake system."**

31. Did defendants have in its employ or contract for the services of, any human factors, consultant, or safety engineer to advise defendant concerning any inherent design hazards, risks or dangers, indicated warnings or other matters pertaining to the safe use of the subject matter truck by the consuming public from the time of design, manufacture, and marketing of the subject matter truck. If so, give the name, last known address, occupation, and title of use of each person.

**Answer: Objection. The interrogatory as phrased does not properly identify the "subject matter truck." Plaintiffs' complaint does not utilize that term. To the extent that the interrogatory as phrased refers to the completed vehicle involved in the incident, Mack employees only had something to do with the design and assembly of the incomplete vehicle identified by VIN #1M2AC07C73M008441. It is unclear as to what the plaintiff refers to with the term "brake system."**

32. State the name and last known address of each person or company known to you which manufacturers, produces or distributes a truck for single operation with a braking system similar to the subject truck, as referenced in Plaintiffs Complaint. If so, as to any such manufacturer, producer or distributor, please state the trade, model or brand name of any such competitive product if known to you.

**Answer: Objection. The interrogatory as phrased does not properly identify the "subject truck." Plaintiffs' complaint does not utilize that term. To the extent that the interrogatory as phrased refers to the completed vehicle involved in the incident, Mack employees only had something to do with the design and assembly of the incomplete vehicle identified by VIN #1M2AC07C73M008441. It is unclear as to what the plaintiff refers to with the term "brake system."**

33. State whether there is or was in existence any policy of liability insurance which would or might inure to the benefit of the Plaintiffs herein, by providing for payment of a part of or all of any judgment rendered in favor of the Plaintiffs against you or against any other person, firm or corporation who is or may be liable to the Plaintiffs by reason of the incident described in the Complaint, and if the answer is "yes," state the following as to each policy of insurance known or believed to exist by you or your attorneys (including any policy which does or may provide coverage to an owner, driver, employer, partner, or other Defendant or potential Defendant):

a. the name and address of the insurer on each such policy;
b. the name and address of each named insured on each such policy;
c. the relationship, if any, between each named insured on each such policy and any named Defendant in this cause;
d. the policy number of each such policy;
e. the name and address of any person, firm or corporation who is or may be an "additional insured" under such policy by reason of the incident described in the Complaint, including any named Defendant in this cause;
f. the limits of liability in such policy as might be applied to any one plaintiff by reason of any one incident and the total limits of liability to all persons by reason of any one incident; and
g. whether or not all "excess" and "catastrophe" and "umbrella" policies known to exist are listed above, and if not, why not.

**Answer:** **See Declaration page appended hereto.**

Dated: Providence, Rhode Island
June 26, 2008

As to Objections:
RICE, DOLAN & KERSHAW

BY: ______________________________

Mark P. Dolan, Esq. (RI Bar #3280)
72 Pine Street – Suite 300
Providence, RI 02903
Phone No: (401) 272-8800
Fax No: (401) 421-7218
*(Attorneys for Defendant Mack Trucks, Inc.)*

**STATEMENT OF KNOWLEDGE**

The within defendant, a corporation, has utilized information obtained by it and by its attorneys from numerous sources including information obtained from employees and other individuals with relevant knowledge to answer these interrogatories. These answers, therefore, do not represent the personal knowledge of the individual executing the certification. The above answers are based on inquiry of our agents and employees who advise me accordingly.

Subject to the terms of the above stated Statement of Knowledge the undersigned hereby certifies that the foregoing statements are true to the best of my knowledge and belief as agent of the corporation, based upon the information supplied to me on behalf of the corporation, as is available to the corporation.

**Defendant, MACK TRUCKS, INC.**

By: Thomas Franklin Brown
Thomas Franklin Brown

Its: Principal Engineer – Legal Department

STATE OF Pennsylvania
COUNTY OF Lehigh

In Allentown, PA, on this 23rd day of June, 2008, before me personally appeared Thomas Franklin Brown, to me known and known by me to be the party executing the foregoing instrument, as the duly authorized agent of the defendant-corporation, by him/her executed before me, which he/she acknowledged to be free act and deed, as the duly authorized agent of the above named corporation.

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Lucy J. Parker, Notary Public
City Of Allentown, Lehigh County
My Commission Expires May 20, 2011
Member, Pennsylvania Association of Notaries

Lucy J. Parker
(Notary Public)
My Commission Expires: May 20, 2011

**CERTIFICATION**

I hereby certify that I mailed a true copy of the within Answers to Interrogatories to the following counsel of record:

Peter P.D. Leach, Esq.
One Charles Street
Providence, RI 02904

Mark T. Nugent, Esq.
Thomas M. Robinson
Morrison Mahoney, LLP
10 Weybosset Street – Suite 900
Providence, RI 02903

Dated: June 26, 2008