*MPD:rad 06-337*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| VICTOR GODOY, and<br>REGINALDA GONZALES,<br>Plaintiffs, | : | |
| VS. | : | **C.A. No: 06-485 ML** |
| EQUIPMENT LABRIE LTEE, and<br>MACK TRUCKS, INC.,<br>Defendants. | : | |

**DEFENDANT MACK TRUCKS, INC.'S**
**OBJECTIONS TO**
**PLAINTIFF'S SECOND SET OF INTERROGATORIES**
**DATED 3/13/08**

Now comes the defendant, Mack Trucks, Inc., and hereby objects to the plaintiff's supplemental Interrogatories Nos. 27 through 33 dated on or about March 13, 2008, as specified below:

**27.** As to July 19, 2005, please describe defendant's organization, or management structure, setting forth the name of each of defendant's employees, and such persons title, who hold [held] a position which defendant believes to be in a nature of a management position and, as to each such person, state the name of the supervisor or other person to whom such person is [was] directly responsible. In lieu thereof; you may attach to your answers to these interrogatories the charts setting forth organizational or management structure.

**Objection. Overly broad, unduly burdensome and seeks otherwise irrelevant information.**

**28.** Please state the name, address and title of each of defendant's employees who had the primary responsibility with respect to the braking system, including but not hinted to its operation by a single operator for the subject matter truck as referred to in the Plaintiff's Complaint for each of the following:

a. Research and development;
b. Testing;
c. Consumer Complaints and claims;
d. Risk Management and analysis;

EXHIBIT 6

e. Marketing;
f. Product design;
g. Engineering;
h. Product Safety;
i. Manufacturing; and
j. Product warnings.

**Objection. The interrogatory as phrased does not properly identify the "subject matter truck." Plaintiffs' complaint does not utilize that term. To the extent that the interrogatory as phrased refers to the completed vehicle involved in the incident, Mack employees only had something to do with the design and assembly of the incomplete vehicle identified by VIN #1M2AC07C73M008441. It is unclear as to what the plaintiff refers to with the term "brake system."**

**29.** Please state the applicable dates with respect to the braking system for the subject truck as referred to in the plaintiff's complaint for each of the following:

a. When the braking system was first conceived;
b. When the initial design for the braking system was first created;
c. When the defendant first commenced manufacturing of the braking system, including a prototype;
d. The first testing of any kind by defendant or on defendant's behalf with respect to the braking system;
e. The first testing done by or on behalf of the defendant for purposes of analyzing the safety of the braking system;
f. Any testing done by or on behalf of the defendant, subsequent to the dates previously set forth in an answer to this interrogatory;
g. When the marketing of the braking system was commenced;
h. When any modifications were made to the braking system, and, for each such date, identify the particular modification or modifications associated with such date; and
i. When any modifications were made to account for operation of said truck by a single operator, and, for each such date, identify the particular modification or modifications associated with such date.

**Objection. The interrogatory as phrased does not properly identify the "subject matter truck." Plaintiffs' complaint does not utilize that term. To the extent that the interrogatory as phrased refers to the completed vehicle involved in the incident, Mack employees only had something to do with the design and assembly of the incomplete vehicle identified by VIN #1M2AC07C73M008441. It is unclear as to what the plaintiff refers to with the term "brake system."**

**30.** Please state whether the defendant, individually or with another or others, or anyone acting on defendants behalf conducted any studies, tests, investigations or other inquiry of any kind to determine the use, uses, or foreseeable misuses of the braking system by a single operator of the subject truck. If so, please state:

a. each such date upon which any such study, test, investigation or other inquiries were made;

b. the name and last known address of each person known to you who conducted, participated or was present at such test, study, investigation or other inquiries were made;

c. the location as to each such test, study, investigation or other inquiries were made; and

d. whether or not a record of such study, test, investigation or other inquiry was made in any tangible form, including but not limited to memorandum, audiotape, videotape, film or photograph and, if so, whether each tangible record still exists. If so, please state the name and last known address of the custodian of such tangible record.

**Objection. The interrogatory as phrased does not properly identify the "subject matter truck." Plaintiffs' complaint does not utilize that term. To the extent that the interrogatory as phrased refers to the completed vehicle involved in the incident, Mack employees only had something to do with the design and assembly of the incomplete vehicle identified by VIN #1M2AC07C73M008441. It is unclear as to what the plaintiff refers to with the term "brake system."**

**31.** Did defendants have in its employ or contract for the services of, any human factors, consultant, or safety engineer to advise defendant concerning any inherent design hazards, risks or dangers, indicated warnings or other matters pertaining to the safe use of the subject matter truck by the consuming public from the time of design, manufacture, and marketing of the subject matter truck. If so, give the name, last known address, occupation, and title of use of each person.

**Objection. The interrogatory as phrased does not properly identify the "subject matter truck." Plaintiffs' complaint does not utilize that term. To the extent that the interrogatory as phrased refers to the completed vehicle involved in the incident, Mack employees only had something to do with the design and assembly of the incomplete vehicle identified by VIN #1M2AC07C73M008441. It is unclear as to what the plaintiff refers to with the term "brake system."**

**32.** State the name and last known address of each person or company known to you which manufacturers, produces or distributes a truck for single operation with a braking system similar to the subject truck, as referenced in Plaintiffs Complaint. If so, as to any such manufacturer, producer or distributor, please state the trade, model or brand name of any such competitive product if known to you.

**Objection. The interrogatory as phrased does not properly identify the "subject matter truck." Plaintiffs' complaint does not utilize that term. To the extent that the interrogatory as phrased refers to the completed vehicle involved in the incident, Mack employees only had something to do with the design and assembly of the**

**incomplete vehicle identified by VIN #1M2AC07C73M008441. It is unclear as to what the plaintiff refers to with the term "brake system."**

Defendant, MACK TRUCKS, INC.,
By Its Attorneys,

Mark P. Dolan, Esq. (#3280)
RICE, DOLAN & KERSHAW
170 Westminster Street – Suite 900
Providence, RI 02903
Phone No: (401) 272-8800
*Fax No: (401) 421-7218*

**CERTIFICATION**

I hereby certify that I mailed a true copy of the within Objections to the following counsel of record:

Peter P.D. Leach, Esq.
One Charles Street
Providence, RI 02904

Mark T. Nugent, Esq.
Morrison Mahoney, LLP
121 South Main Street – Suite 600
Providence, RI 02903

Dated: May 16, 2008